EDWARD RUTLEDGE TIMBER COMPANY ET AL. *v.* FARRELL.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 172. Argued January 21, 1921.—Decided February 28, 1921.

1. Under the Act of March 2, 1899, a lieu selection of unsurveyed land made by the Northern Pacific Railway Company may be designated "with reasonable certainty" by reference to the nearest public survey, 7½ miles distant. P. 269. See *West* v. *Rutledge Timber Co.,* 244 U. S. 90.

2. Where a State's application for a survey under the Act of August 18, 1894, was held excessive and ultimately rejected by the Land Department, and no appeal taken, *held* that it did not so withdraw the included land from the public domain as to invalidate a railroad lieu selection, made while it was pending. P. 270.

258 Fed. Rep. 161, reversed.

THIS was an appeal from a decree of the Circuit Court of Appeals reversing a decree of the District Court dismissing a bill brought by the present appellee against the appellants, to charge them as trustees in respect of lands held under a patent from the United States. The facts are stated in the opinion.

*Mr. Stiles W. Burr,* with whom *Mr. Charles W. Bunn* and *Mr. Charles Donnelly* were on the briefs, for appellants.

*Mr. S. M. Stockslager,* with whom *Mr. E. O. Conner* was on the brief, for appellee.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Claiming equitable title thereto under the homestead laws, appellee's predecessor, Delany, instituted this proceeding in the United States District Court for Idaho to compel the appellants to hold certain lands, patented to the Railway Company, as trustee for him. The insistence is that patent should not have issued to the Company, notwithstanding the attempt to make selection under the Act of March 2, 1899, c. 377, 30 Stat. 993, prior to initiation of any homestead right in the land, because (1) it was then unsurveyed and not designated with reasonable certainty, and (2) it was within a district survey of which had been applied for by the State of Idaho under Act of August 18, 1894, c. 301, 28 Stat. 372, 394.

The District Court decided both points in favor of appellants and dismissed the bill; the Circuit Court of Appeals held against them on the first but did not consider the second point. 258 Fed. Rep. 161.

The facts pertinent to the first point are substantially the same as those presented by the record in *West v. Rutledge Timber Co.,* 244 U. S. 90, except that here the land

was 7½ miles from any known survey while there the distance was 3½ miles. The Land Department found the description sufficient for reasonable certainty and we see no adequate ground for disregarding that conclusion.

As the district designated by Idaho for survey contained very much more land than the State was entitled to select, the Land Department refused to consider the application. No appeal was taken. Upon an analysis of pertinent statutes, opinions of the Land Department and of this court, the District Court held that the mere filing of application for survey did not so far withdraw the land from the public domain as to make the Railway's selection wholly ineffective; and further, that if valid for any purpose, the application merely gave an option to select, never exercised in respect of the land now in dispute. We agree with the conclusion reached; and in view of the careful supporting opinion further discussion seems unnecessary.

The decree of the Circuit Court of Appeals must be reversed and the decree of the District Court affirmed.

*Reversed.*